### 2170.  LONG *v.* LAWSON, administrator.

Where there is a dispute between the maker and the payee of a promissory note as to its true amount, a promise to pay the amount as claimed by the payee, in consideration of an extension of time of payment, will not bind the maker, unless he has knowledge of the amount so claimed, nor unless the extension of time for payment is explicitly made for a definite period.

Complaint; from city court of Abbeville—Judge Griffin presiding.   August 23, 1909.

Submitted December 8, 1909.—Decided February 22, 1910.

*E. H. Williams,* for plaintiff in error.   *Hal Lawson,* contra.

HILL, C. J.   The payee of a promissory note for $130 brought suit against the maker.   The defense set up was, that the true amount of the note should have been $88; that the maker was an ignorant man, who could neither read nor write; that he had bought from the payee eleven head of cattle for the sum of $88, which constituted the consideration of the note; that he had been fraudulently misled as to the amount of the note when he signed it, by the false statement of the husband and authorized agent of the payee that the note was in fact for $88, and that he signed the note relying upon the truth of this statement.   On this issue the court charged the jury, in substance and effect, that although the true amount of the note should have been $88, and not $130, yet if the defendant, with full knowledge that the plaintiff claimed $130 as the amount, paid a part of the note and promised to pay the balance, and secured an extension of time by his promise, he would be estopped from subsequently denying that the amount of the note was $130.   This instruction was erroneous.   While the conduct of the defendant was evidence of an implied admission that the true amount of the note was $130, as claimed by the plaintiff, yet such admission did not have the force and effect of an estoppel.   When the maker of the note made a partial payment thereon, he was under

no duty to dispute the amount of the note, nor did his silence prejudice any right of the payee.   Civil Code, §5150; 16 Cyc. 681. Before part payment of the amount of an existing debt and a promise by the creditor to give an extension of time for the payment of the balance can constitute a new consideration, binding the debtor to pay the balance of the debt as claimed by the creditor, not only must the amount so claimed be known to the debtor, but there should be a promise, express or implied, by him to pay the amount as claimed, in consideration of an extension of time for payment for a definite period.   Here there was no extension for a definite time for the payment of the balance claimed to be due on the note by the plaintiff; there was only the acceptance of the partial payment, and a tacit acquiescence as to additional time to pay the balance, which on the next day might change to an actual demand for immediate payment.                          *Judgment reversed.*