TROUTMAN *vs.* LUCAS, for use.

An agreement to pay part of a debt at some indefinite time in discharge of the whole, is not performed by paying part of the stipulated sum. Granting that by accepting what was paid, the creditor would be bound to accept the balance if tendered in a reasonable time, no tender was made in the present case, and no good excuse shown for the omission, even taking the evidence of the debtor himself.

Contracts. Consideration. Before Judge SIMMONS. Houston Superior Court. May Term, 1879.

Reported in the opinion.

Troutman *vs.* Lucas, for use.

W. C. Winslow; J. H. Branham, for plaintiff in error, cited Code, §§2880, 2870, 2873; 29 *Ga.*, 315; 13 *Ib.*, 400.

Duncan & Miller; S. Hall, for defendant, cited Code, §§2878, 2881; 3 *Ga.*, 216; 59 *Ib.*, 633; 54 *Ib.*, 525; 6 *Ib.*, 497; 60 *Ib.*, 428.

Bleckley, Justice.

The execution was for $500.00 principal, and $424.81 interest to judgment, February 18th, 1868. It was against Troutman as principal, and Everett as security on appeal, and was in favor of Lucas, for the use of M. A. Marshall. It was levied by the sheriff upon Troutman's property, on March 29th, 1875. Troutman made an affidavit of illegality on September 9th, 1875, alleging that he had compromised and settled up the *fi. fa.* with Mrs. M. A. Marshall, the owner thereof, for the sum of $300.00, paying her on said compromise $120.00, leaving a balance due of $180.00, with interest thereon from February 25th, 1871; and that a summons of garnishment had been served upon him in an attachment suit in favor of W. H. Greer *vs.* M. A. Marshall and his wife, Laura Marshall. The affidavit closed with a prayer for an equitable decision of the matter, and that the amount of the attachment be deducted.

At the trial of the illegality it appeared that Mrs. Marshall, wife of M. A. Marshall, was the real owner of the *fi. fa.*, and that her agent, Parsons, in February, 1871, called upon Troutman for a settlement. Troutman's testimony of what took place then and subsequently was substantially as follows : " I told him I was not able to pay him the whole of the debt, and would like to compromise it. He said he had settled a similar claim at forty cents in the dollar, and inquired if I would make a like settlement. Finding by a calculation that it would amount to about $300.00, I told him I would give him that in settlement, but could not pay it then. We agreed on the compromise, but I paid no money at that

time.   In two or three weeks afterwards I paid him $100.00, and took his receipt for it in pursuance of the compromise. Sometime afterwards Preston, sheriff of Crawford county, .   .   .   .   .   not to pay Marshall this debt ; he said he had the attorney's receipt for the note on which the judgment was founded.   The attorney afterwards told me he had the receipt.   That stopped me, and I paid no more.   Some two years afterwards, Dr. Marshall called on me, and said he wanted the money—needed it badly—and I paid him fifteen dollars.   I told him I was in a delicate situation—that Preston had notified me not to pay it.   I paid him in all twenty dollars; this left a balance of $225.00, including interest, and when I filed my affidavit of illegality with the sheriff (September 28th, 1875), I paid to him that sum, the whole of what I owed on the compromise.   Marshall and wife having separated, she notified me on June 10th, 1875, not to pay him any more money.   At the time of the compromise I was very much embarrassed ; if all my property had been sold then it would not have paid on my debts forty cents in the dollar.   No time was agreed upon for paying the $300.00.   I told Parsons how I expected to raise the money (by collecting a certain note).   It was three or four years from the first to the last payment.   They never notified me that they would not wait.   Before I received notice from Preston, Parsons called on me for more money and got none.   The notice from Preston was not, I think, as late as two years after the compromise." The receipt given by Parsons, and signed by him as agent of Mrs. Marshall, was in evidence, and read as follow ;

"Received, February 25th, 1871, of John F. Troutman, one hundred dollars, in part payment of a *fi. fa.* against Troutman in Houston superior court, in favor of M A. Marshall for his wife, as a compromise of said debt."

On the *fi. fa.* was an entry in these terms : "Paid on this *fi. fa.* one hundred dollars, December 1st, 1871, to J. L. Parsons."   Also, two credits signed by M. A. Marshall, one for five dollars, dated the 9th, and one for fifteen dol-

lars, dated the 14th of March, 1875. Also, the sheriff's receipt for $225.00, dated September 28th, 1875.

There was evidence on behalf of the plaintiff in *fi. fa.*, tending to show that the compromise agreement was in contemplation of immediate payment of the whole sum of $300.00, and that Parsons, the agent, did not stipulate to give time, etc.; but as the case is ruled upon the testimony of Troutman himself, the other evidence need not be set out. The jury found the issue in favor of Troutman, and a motion having been made for a new trial, on several grounds, among them that the verdict was against law and evidence, the motion was granted. The error assigned is in granting a new trial.

We have no doubt that a new trial ought to have been granted. Section of the Code 2881 is in these words: "An agreement by a creditor to receive less than the amount of his debt, cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Here there was not payment, but part payment; there was no additional security, no substitution of another debtor, and no new consideration of any kind. Grant that by accepting what was paid the creditor was bound to accept the balance if tendered in a reasonable time, no tender was made, and no excuse shown for the omission to tender. According to the evidence of the debtor himself, he had no case.

Cited by counsel: 13 *Ga.*, 406; 29 *Ib.*, 315; 3 *Ib.*, 216; 51 *Ib.*, 633, 636; 54 *Ib.*, 525; 56 *Ib.*, 497; 60 *Ib.*, 428.

Judgment affirmed.