## FRANK JENNINGS V. THE CITY OF FORT WORTH.

### No. 713.

**Damages—Release of.**—Plaintiff having received personal injuries while in the employ of defendant, resulting from alleged negligence on defendant's part, executed to defendant a release of all claim for damages resulting from such injuries, in consideration of the payment by defendant of his doctor's bill and of his salary during the time he was disabled. *Held*, that such release was a complete bar to the recovery of damages by plaintiff for the injuries.

APPEAL from Tarrant.    Tried below before Hon. N. A. STEDMAN.

*Pruit & Smith*, for appellant.—The evidence shows that there was no accord between plaintiff and defendant, as defendant did not perform and satisfy the alleged release according to its terms.    San Antonio v. French, 80 Texas, 575; 2 Pars. on Con., 681; 6 Wait's Act. and Def., 408.

*Carlock & Powell*, for appellee.—There was a valid contract of release, and money paid appellant under the same; and involving a question of fact, the court rightly presented the issues raised by the pleadings to the jury.    Railway v. Johnson, 74 Texas, 263; Chicago v. Sheldon, 9 Wall., 50.

TARLTON, CHIEF JUSTICE.—In this suit the appellant seeks to recover from appellee damages for personal injuries sustained by him on December 27, 1890.    The injuries were caused by reason of the dirt and soil from the side of a sewer ditch along one of the streets of the city sliding upon the appellant.

He was engaged in the capacity of what is known as a rodman, in the construction of a sewer system for the city, and had been so engaged for four months prior to the injury.    He was at the time at work in connection with the city engineer, though not, it seems, under his control.

It was the duty of the appellant to get into the ditch and to assist the engineer, holding the rod of the engineer, so that the latter could take his sight from the instrument which he used for that purpose, to see whether the ditch was of the proper depth or not, securing thus the proper surface for laying of the sewer pipe.    While thus engaged, there was a sudden slide of earth, amounting to several tons, upon appellant, fastening his feet and limbs so that he had to be extricated, and very seriously injuring him.

He seeks recovery on the ground of the negligent failure of the city to properly brace the sides of the ditch.

It was the practice of the city engineer to cause the sides of the ditch to be braced where symptoms of danger from the sliding or cav-

ing in of the earth into the ditches manifested themselves, but this practice obtained only when there were evidences of such danger. In this instance the ditch gave no such signs. In fact, there was no evidence whatever of any impending danger, and inspection would have failed, and in fact did fail, to disclose any such indications; for the appellant testifies, that before he got into the ditch he looked carefully and failed to find any indication of trouble such as that which he experienced.

He was 37 years old, a man of intelligence, and no special knowledge or experience was required to enable him to detect danger of the kind here referred to. In fact, he was as well fitted for that purpose as any of the city's employes, and his opportunities for knowing the existence of such danger were as good as those of the appellee.

On February 5, 1891, he entered into the following agreement with the appellee:

"THE STATE OF TEXAS, }
   "County of Tarrant. }

"Know all men by these presents, that I, Frank Jennings, of the county of Tarrant, State of Texas, for and in consideration of the payment to me by the city of Fort Worth, the sum of $60 per month up to the 1st of March, A. D. 1891, or at such time as my physician says I am able to go to work, and the payment of $25 to my physician, Dr. Mullins, do hereby waive, release, and set over to said city any claim I may have against said city for damages resulting from injuries to me while I was employed in the engineer's department of said city on the 27th day of December, 1890, said injuries being a broken leg and bruises, sustained by the caving in of the sides of a ditch on Pennsylvania avenue, in said city, on the 27th day of December, 1890, and said $60 per month is to date from the day said injuries were received, and to continue until the 1st day of March, 1891, or at such time as my physician says I am able to go to work, that being my regular salary, and this agreement contemplates only the payment of my salary, the same as if said injuries had not been received by me.

"Witness my hand, this 5th day of February, A. D. 1891.

[Signed]     "FRANK JENNINGS."

Under the foregoing agreement, the city paid the physician, Dr. Mullins, the $25, and also paid to the appellant the sum of $60 per month from the date of the injury until the 18th of July, 1891. At the latter date, or before that time, the appellant was able to resume work of the character such as he was pursuing before he was employed by the city. To this fact both himself and his physician testify. He further states, that before he went to work his physician told him that moderate work would not hurt him, though immediately after this

statement he proceeded to say that he didn't remember whether the physician spoke to him about it at all.

*Conclusions of Law.*—We think that the foregoing contract and the conduct of the parties thereunder is a bar to the recovery sought by the plaintiff. If the agreement is to be regarded as an acceptance of the promise of the defendant in satisfaction of the demand of the plaintiff, it is fatal to his action. If it is to be regarded as an agreement to accept the performance of the promise in satisfaction of the demand, we think that the evidence shows that the contract, reasonably interpreted, was substantially performed by the city. In either contingency, the action here sought to be maintained must fall. Railway v. Harriett, 80 Texas, 73.

As upon this conclusion we rest the disposition of this appeal, it is unnecessary to discuss the assignments of error relating to the charge of the court with reference to other phases of the case. But we deem it proper to say that we have given these assignments careful consideration, and think that there is no such error in the court's charge as would require a reversal of the judgment, if the questions growing out of the agreement referred to were eliminated. Railway v. French, 23 S. W. Rep., 642.

The judgment is affirmed.

*Affirmed.*

Delivered May 15, 1894.