LUCIEN E. CARTER, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1909.

1. ATTORNEY AND PLAINTIFF: Lien: Contract: Diligence. Plaintiff brought suit against defendant for the widow of a deceased employee, to cover damages for his death. The defendant compromised by agreeing to pay a given sum. Before the payment plaintiff took the widow's agreement to give him one-half of the amount recovered and had the same served upon the defendant. *Held*, that it was immaterial that the plaintiff had originally agreed to bring the suit for nothing since that was merged in the subsequent contract; and payment was made after knowledge of the contract, since courts will not help those that do not help themselves.

2. ———: ———: Accord and Satisfaction. An accord without satisfaction does not bar a suit on the original obligation, but a new consideration accepted as satisfaction takes away the remedy on the old contract. So held that notice of plaintiff's contract with the widow was before the performance of the alleged accord, and that the meaning of the alleged accord was that she did not accept it as a satisfaction of her claim until the agreed sum was paid.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Culver & Phillip* for appellant.

(1)   If Mrs. Landers accepted the promise of defendant to pay her $1,100 in settlement of her case, that constituted an accord and satisfaction of her claim, without the performance of the promise.   Railway v. Harriet, 15 S. W. 556; 2 Chitty, Cont. (11 Am. Ed.), 1124; Bennett v. Hill, 14 R. I. 322; Smith v. Elrod, 24 So. 994; Goodrich v. Hanley, 29 Conn. 620; Jennings v. Ft. Worth, 26 S. W. 927; Mary v. Allen, 39 Iowa 235; Whitney v. Cook, 53 Miss. 559; Woodward v. Miles, 24 N. H. 289; Christie v. Craig, 20 Pa. St. 430; Palmer v. Yager, 20 Wis. 297; Morehouse v. Bank, 98 N. Y. 508; Railway v. Clem, 80 Ga. 534; 1 Cyc. 336-338, cases collated.   (2)   And if plaintiff induced defendant to become bound by its promise to pay $1,100 by representing that he would charge no fee, he is now estopped to claim one, even though he afterwards notified defendant that he intended to claim a fee before it paid the $1,100. (3)   Whether Mrs. Landers accepted the promise of defendant to pay her $1,100 in satisfaction of her original cause of action, was a question of intent which must be decided by the jury from the facts and circumstances in evidence.   Cases supra; Hart v. Boller, 15 Serg. & Rawle 162; Railway v. Harriett, 15 S. W. 556; Woodward v. Miles, 24 N. H. 298; Whitney v. Cook, 53 Miss. 599; Babcock v. Hawkins, 23 Vt. 561.   (4)   There was ample evidence to show plaintiff agreed to render his services gratuitously.   If so, there was no consideration for Mrs. Landers' contract made after all the services were performed, to pay him a fee.   Session Laws 1903, p. 46.   (5)   There was evidence to show that plaintiff induced Mrs. Landers to make the contract for a fee, not with any intent that she should be bound to pay anything, but for the purpose of "using it as a bluff against the railroad company" and extorting money from it.

*Brown & Dolman* for respondent.

(1) Both at the trial and in its brief the defendant's theory seems to be that if it caught the attorneys on the fly, so to speak, by settling or promising to settle the Landers case before the written contract for fees was made and notice thereof given then the plaintiff cannot recover. Under the act of 1901, by which the attorneys' lien is created (Laws of 1901, p. 46), the settlement has nothing whatever to do with the case. Fischer-Hansen v. Railroad, 173 N. Y. 492, 500; Peri v. Railroad, 152 N. Y. 521; Coster v. Ferry Co., 5 Civ. Pro. Rep. 146, affirmed without opinion in 98 N. Y. 660; Goodrich v. McDonald, 112 N. Y. 157; Taylor v. Transit Co., 198 Mo. 715; Curtis v. Railway, 118 Mo. App. 341, 359; Wait v. Railroad, 204 Mo. 500; Yonge v. Transit Co., 109 Mo. App. 235; Keeler v. Keeler, 51 Hun 505; O'Connor v. Transit Co., 198 Mo. 642; Young v. Renshaw, 102 Mo. App. 173. (2) The defendant's agent, Judge Spencer, testified that he told Mrs. Landers that he would fight her attorneys and protect her against their claims. This was a recognition by defendant of its additional liability to pay the fees of the attorneys, and amounted to a promise to pay them. Boyd v. Mercantile Co., —— Mo. App. ——, decided at this term, and cases cited. (3) Nor is the statement that the contract for fees was procured by fraud, founded upon anything well pleaded or suggested by the evidence. Fraud cannot be pleaded by invective, but the facts constituting it must be stated. Van Weel v. Winston, 115 U. S. 228; Aniber v. Choteau, 107 U. S. 291; St. Louis, etc., v. Johnston, 133 U. S. 577; Knox County v. Harshman, 133 U. S. 155; Kent v. Canal Co., 144 U. S. 75.

BROADDUS, P. J.—This is a suit to enforce the collection of an attorney's fee under the Act of 1901 providing for a lien for the services of attorneys and counselors at law. The plaintiff, an attorney, brought suit

for Lucinda Landers against defendant to recover damages for the death of her husband, Ebenezar Landers, who was killed July 11, 1907, by one of defendant's engines. The widow settled her suit for $1,100.

The plaintiff in his petition alleges that Mrs. Landers made a contract with him by which he was to receive for his services a sum equal to one half of the amount to be recovered by judgment or compromise, and this suit is to enforce his statutory lien under said contract.

The defendant answered, denying that plaintiff had any such contract of employment, and alleged that the plaintiff represented to the defendant that he and Ebenezar Landers had been Grand Army Comrades and because of that fact he would not charge the widow anything for his services; and, relying upon that representation, defendant settled with Mrs. Landers by its promise to pay her $1,100; that, learning such settlement had been made, plaintiff fraudulently induced Mrs. Landers to execute a contract by which he was to receive for his services a sum equal to one half of the amount she recovered on her claim by judgment or compromise, and that said contract was obtained by plaintiff with the fraudulent intent of extorting from defendant the amount sued for in the case.

The uncontradicted evidence in the case establishes the following facts, viz., that plaintiff at the instance of Mrs. Landers brought the suit mentioned and afterwards brought into the case the services of Dolman & Brown, a firm of lawyers engaged in their profession at St. Joseph where the suit was instituted; that prior to plaintiff's appearance in the controversy John F. Tyler had been retained by Mrs. Landers to bring her suit, the compensation for whose services was to be one-third of the amount she might succeed in recovering; that plaintiff induced Mrs. Landers to revoke her authority to Tyler to bring the suit and to employ him for that purpose.

Carter v. Railroad.

A short time prior to the 19th day of July, 1907, Mrs. Landers through the agency of a Mr. Vest compromised her suit with defendant for the agreed sum of $1,100, and no money was paid at the time, but it was arranged that she would in a few days go to the office of the general solicitor of the defendant, Judge Spencer, and receive a voucher for the sum mentioned. On the 19th of July, Mrs. Landers on her way to Judge Spencer's office called upon plaintiff at his office and told him of the arrangement she had made through Mr. Vest for a compromise of her suit. The plaintiff then prepared a writing whereby Mrs. Landers agreed to pay him the sum of $550 for his services as her attorney, which writing she signed. On the back of this writing, Dolman & Brown assigned to plaintiff all their interest in the fee. A copy of this contract was served upon Judge Spencer within a short time after its execution, after which Mrs. Landers appeared and received from the defendant a voucher for $1,100 and consummated the settlement made previously by her agent, Vest.

The defendant's evidence tended to show that when plaintiff undertook Mrs. Landers's case he led her to believe that he would not charge her for his services because the deceased husband and he had been members of the same lodge of the Grand Army of the Republic. But plaintiff's evidence tends to show that such was not the case although at the time of the employment nothing was said as to what compensation he should receive for his services.

The defendant offered a demurrer to plaintiff's case, which was refused, and the court gave a peremptory instruction to the jury to return a verdict for the plaintiff. The jury returned their verdict accordingly. From the judgment rendered, the defendant appealed.

We are of the opinion it was immaterial whether or not plaintiff agreed at the time of his employment he would not charge Mrs. Landers for his services in her behalf, as the writing mentioned fixing his compensa-

tion for his services would have the effect of setting aside any former contract or arrangement. And, as the defendant had notice of plaintiff's contract before it paid to Mrs. Landers the agreed amount of the compromise, it had it in its power to protect itself from any alleged fraud of plaintiff in procuring said contract from Mrs. Landers, as it had not yet paid the $1,100. It is well-settled law that the courts will not help the man who had the opportunity to help himself and failed to so do. This is elementary law.

The defendant answers the conclusion by denying the premises—that is to say, that the compromise made with Mrs. Landers was an accord and satisfaction. But was it such?

"Accord and satisfaction is a method of discharge of a contract or cause of action arising either in contract or tort, consisting in the substitution of an agreement between the parties in satisfaction of such contract or cause of action and an execution of that agreement.

"An accord in order to discharge a contract or cause of action must be executed, and this execution of the accord is the satisfaction. Satisfaction consists in the actual performance by one party of the agreement of accord, and the acceptance by the other party of such performance in full satisfaction of the original cause of action or contract." [Am. and Eng. Ency. of Law, 408, 420-1.]

The defendant's contention is that in such cases, notwithstanding the rule presupposes that one party accepts the performance of the other's promise or agreement, and not the promise or agreement itself, it is well settled that, if the accord, and not the performance thereof, is accepted in satisfaction of the demand and the agreement to accept is based upon a sufficient consideration, the demand is extinguished and cannot be the foundation of a new action. We believe such to be the law, and it is illustrated in Goodrich v. Stanley, 24 Conn. 613; Jennings v. City of Ft. Worth, 26 S. W.

927. "At common law an accord without satisfaction was no bar to a suit on the original obligation. If, however, the accord be founded upon a new consideration and accepted as satisfaction, the remedy upon the old contract is taken away." [Merry v. Allen, 39 Iowa 235; Whitney v. Cook, 53 Miss. 551; Palmer v. Yager, 20 Wis. 97.]

But no case that we have examined holds other than that there must be performance of the accord in some manner and the cases, to which reference has been made, only illustrate the different ways in which performance may be accomplished. It is useless to multiply cases.

The agreement in this case was that the plaintiff, in consideration of the payment of $1,100 in a few days by the defendant, would settle her suit then pending, wherein she claimed $10,000 as damages for the death of her husband occasioned by the alleged neglect of the defendant. It does not appear that she accepted the agreement or promise to pay the sum mentioned as a satisfaction of her claim. The terms of the settlement do not bear such a construction. On the contrary, it is clear that the accord was made with the implied understanding, which the law gave to it, that satisfaction was to follow by payment. The pleading of the accord for payment of the sum agreed upon would not have been a bar to the further prosecution of plaintiff's action. It was not a question of intention, but one of construction; and, such being the case, it was the duty of the court to declare its legal effect. The cause was properly tried.

Affirmed. All concur.