## 23392. VARNER *v.* DARIEN BANK.

DECIDED JANUARY 23, 1934.

*Paul J. Varner, Colon J. Cogdell,* for plaintiff in error.
*Tyson & Tyson,* contra.

MACINTYRE, J. The Darien Bank sued P. J. Varner on a promissory note to recover $350 principal, $12.45 interest to the time of filing suit, future interest at eight per cent., and $36.25 attorney's fees. The court directed a verdict for the plaintiff for "$350 principal, interest to this date [April 5, 1933], and 8% for future interest, and $36.25 attorney's fees. The controlling question in the case is whether or not the court erred in directing this verdict.

In his answer, the defendant admitted receiving notice of plaintiff's intention to claim ten per cent. attorney's fees, and admitted owing the plaintiff $350 principal and $12.45 interest, but denied owing attorney's fees, "or any other sum." The defendant further pleaded that on June 14, 1932, the return day of court and prior to the filing of the suit, he "made offer of a legal tender," through his agent, Miss Annabel Stebbins, of both principal and interest due on said note, to P. E. Clark, plaintiff's agent authorized to receive the same, "at the place of business of said Darien Bank and during the banking hours of said institution," and that "said tender of payment aforesaid was refused and waived by the said P. E. Clark." In paragraph 4 of his answer "defendant says further that since the tender of payment aforesaid, he has continuously held himself in readiness to pay said principal and interest at all times, and here and now brings said amount into court and delivers it to the clerk of the city court of Darien . . for such purpose." The defendant further pleaded that the suit was filed to humiliate and embarrass him, and prayed (*a*) that "plaintiff's petition be denied;" (*b*) that "plaintiff be required to accept de-

fendant's tender in full settlement of the alleged indebtedness, and deliver defendant said note properly canceled;" and (c) that the plaintiff be charged with costs, including "reasonable attorney's fees to defendant."

The plaintiff introduced in evidence the note declared upon and the attorney's fee notice, and closed its case. The note was for the principal sum of $350, dated January 4, 1932, payable ninety days after date "to the Darien Bank . . at the Darien Bank, Darien, Ga.," stipulated for interest from date at eight per cent. per annum and ten per cent. attorney's fees, and was signed "P. J. Varner." The attorney's fee notice, dated May 30, 1932, directed to "P. J. Varner, Darien, Georgia," and signed "The Darien Bank by Tyson & Tyson, its attorneys at law," was as follows: "You are hereby notified that a certain promissory note made by you to The Darien Bank, dated January 4th, 1932, for the sum of $350, with interest from date at 8 per cent. per annum, and which includes a provision for the payment by you of attorney's fees in the event that said note should be collected by law or through an attorney at law, is past due and unpaid, and it is the intention of The Darien Bank to bring suit thereon in the city court of Darien, in said county and State, to the July term, 1932, of said court on said note, and that unless said note is paid on or before the return day of said court, which return day is on the 14th day of June, 1932, then in such case The Darien Bank will claim the ten per cent. attorney's fees expressed therein."

Mrs. J. E. Britt, sworn for the defendant, testified as follows: "Prior to my marriage several months ago I was Annabel Stebbins. I was working for Mr. F. J. Varner in June of 1932. On June 14th, 1932, at about ten o'clock a. m., Mr. Varner instructed me to go to the Darien Bank with a check signed by Mr. Varner, payable to the Darien Bank, and dated June 14, 1932, for the purpose of ascertaining the amount of the principal and interest due on the note, and, after inserting, or having inserted, this amount in the proper place on the check which had been left in blank, I was to take up the note and give the check in payment. Mr. Varner asked me to deal through Mr. Lane, the cashier. Mr. Clark, the assistant cashier, was there. I asked for Mr. Lane. Mr. Clark said Mr. Lane had gone to Savannah and would be back day after tomorrow. Mr. Clark looked at the check and the notice I had.

He looked around and said he could not find the papers, and for me to come back on Mr. Lane's return—day after tomorrow. He said Mr. Lane was handling it. . . The amount was blank. There was no amount in the check."

P. J. Varner testified that he received the attorney's fee notice described in the petition, and that at about ten o'clock a. m. on June 14, 1932, he sent Mrs. J. E. Britt to find out what was due on the note—"to get this information from the cashier and insert the proper amount in the check [drawn on the Darien Bank] and take up the note." Varner further swore: "Mrs. Britt returned and stated that Mr. Clark, the assistant cashier of the Darien Bank, told her he did not know anything about the note as he did not handle the matter, and that Mr. Lane, the cashier, was away in Savannah and would not be back until June 16th, and requested that she return and present the payment again at that time. I had enough money in the bank on the 14th to cover the check, and the check was good. I left sufficient funds there, expecting to present the matter on the 16th, as requested, . . I thought this was an extension of time made by the authorized agent of the bank, and, as I had the money there for this purpose and there was evidently no one there to complete the transaction, I thought it was all right to let the matter wait over until the 16th. That afternoon suit was filed against me, . . and for this reason I did not make tender of payment on the 16th. I did not know Tyson & Tyson had the note and made no effort to see them. Their office is just across the street and I could have as easily seen them as the bank. I did not know where the note was, but thought it was at the bank. There is where it was payable. I have continuously held myself in readiness to pay the admitted indebtedness of $362.45 since June 14, 1932, the date offer of tender was made to the Darien Bank by my agent."

J. L. Britt, clerk of court, testified that to the best of his recollection Tyson & Tyson filed the petition in his office at about three o'clock on the afternoon of June 14, 1932, and that "no amount of money has been paid into my office in the form of a continuing tender, or other purpose, by the defendant P. J. Varner."

With reference to the occasion when Mrs. Britt brought the blank check to the bank, P. E. Clark, assistant cashier of the Darien Bank, testified: "I was the only officer of the bank there.

Mr. Lane, the cashier, was in Savannah. I told Mrs. Britt Mr. Lane would be back day after tomorrow. She asked for Mr. Lane. She said Mr. Varner told her to ask for Mr. Lane and give him the thing. She asked if I could handle the matter, and I told her I could not find the note. I saw the check. . . It was filled out for $357. I looked around for the note, but told her I was not handling it. . . I didn't know Tyson & Tyson had the note. I did not tell Mrs. Britt they had the note. She asked for Mr. Lane. If Mr. Varner's check had been for $362.45, it would have been good. . . I would have cashed Mr. Varner's check that day for $362.45. The banking hours of the Darien Bank were from nine a. m. to two p. m." The check referred to was introduced in evidence. It was dated June 14, 1932, at Darien, Georgia, payable to the "order of The Darien Bank," drawn on said bank, signed "P. J. Varner," and was not filled in for any amount. The defendant's bank statement was also put in evidence.

It is strenuously contended by counsel for plaintiff in error that the attorney's fee notice received by him was inadequate in that it failed to show that Tyson had physical possession of the note rather than the bank at which the note was payable. In *Pierce* v. *Jones,* 36 *Ga. App.* 561 (2), 563 (137 S. E. 296), this court held that a notice beginning, "Take notice that I have for collection," etc., was sufficient, under the Civil Code (1910), § 4252. In their brief, counsel for plaintiff in error state that the quoted expression clearly indicated that the note was in the physical possession of the attorney giving the notice, and say that if the notice in the instant case had contained a similar statement, it would have plainly meant that Tyson & Tyson had physical possession of the note, but urge that in the absence of such statement the notice was misleading and deficient. To our minds, a casual reading of the rather full and detailed attorney's fee notice in the instant case would indicate to any one that the attorneys at law who gave the notice had the note in their possession for collection, and we think counsel's contention is ruled adversely to them by the *Pierce* case, supra. In passing, it may not be amiss to state that it appears from the record that on May 27, 1932, Tyson & Tyson wrote P. J. Varner at Darien, Ga., the following letter: "We have had placed with us the matter of your note for $350 and interest, which is past due, with instructions to file suit unless payment is promptly made. We hope you

will arrange this matter immediately and thus save the necessity of suit." It further appears that suit was filed some time after the defendant ascertained that his note could not be found in the bank, and the defendant himself swore that the office of Tyson was "just across the street," and that he "could have as easily seen them as the bank." Indeed, it does not seem possible, under the facts of this case, that the defendant could have been misled as to where the note was.

In so far as the tender is concerned, the evidence speaks for itself, and we hold that the evidence fails to show that any tender of the amount due on the note was made, rejected, or waived.

Not being fully convinced that this case was brought to the court for delay only, the motion that plaintiff in error be taxed ten per cent. damages under the Civil Code (1910), § 6213, is denied.

In conclusion, we hold that the evidence demanded the verdict, and that the record discloses no reversible error.

*Judgment affirmed. Broyles, C. J., concurs. Guerry, J., concurs in the judgment, but not in all that is said in the opinion.*