24336. CAMPBELL COAL COMPANY *v.* PANO.

DECIDED MAY 9, 1935.

*Alston, Alston, Foster & Moise,* for plaintiff in error.
*G. Seals Aiken,* contra.

SUTTON, J. ■ Plaintiff brought suit against the coal company for damages for personal injuries, alleging that the injuries were brought about by negligence of the defendant's servant and employee in the operation of an automobile truck belonging to the defendant, in such a manner as to collide with an automobile belonging to the plaintiff, in which he was riding. The defendant denied that it was negligent in the particulars charged, and set up that the plaintiff had agreed with it that, if it would pay for the

damage done to his vehicle, he would release it from all liability resulting from the collision; that the defendant had the vehicle repaired, and that the plaintiff then refused to carry out the agreement. The trial resulted in a verdict for the plaintiff. Error is assigned upon this charge of the court: "There has been some evidence introduced in the trial of this case about the repairing of the truck of the plaintiff by this defendant and an agreement as to that being all he claimed, which is denied by the plaintiff about the repairing of the damage to the truck. I charge you that the damage to the truck and the nature of the thing is not to be considered by you in this case. Any damage to the truck, or any conversation between the parties as to such damages and the repair thereof, should be considered by you only in so far as such evidence may, if it does, illustrate to you the nature and extent of the collision between the trucks and as to the negligence of the persons, and the injury to the plaintiff, if any. In so far as this evidence illustrates those questions, you will consider this evidence; otherwise you are not to consider it. So much of the evidence as refers to the car or agreement as to repairs is withdrawn from your consideration and is not to be considered by you, and is not an issue in this case." This charge was not error for any of the reasons assigned. Under the view which we take of the case, the evidence introduced did not make out a defense of accord and satisfaction for the defendant; and this being true, the trial court did not err in so charging the jury.

■ The evidence fails to show such an accord and satisfaction as would bar the plaintiff from prosecuting the action. The plaintiff paid for the repairs to his automobile, and refused to sign the release to the defendant. The alleged accord and satisfaction was not accepted by the plaintiff. The alleged satisfaction was not paid by the defendant, but by the plaintiff. See Code of 1933, § 105-1901; *Edwards Boltling Works* v. *Jarnagin,* 11 *Ga. App.* 162 (74 S. E. 1004); *Long* v. *Scanlon,* 105 *Ga.* 424 (31 S. E. 436); *L. & N. R. Co.* v. *Cox,* 133 *Ga.* 763 (66 S. E. 1088); *Chamblee* v. *Davis,* 88 *Ga.* 205 (14 S. E. 195); *Molyneaux* v. *Collier,* 13 *Ga.* 406, s. c. 17 *Ga.* 46. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money." Code of 1933, § 20-1204. See also § 20-1201. Willingness or

readiness to pay or perform is not the equivalent of performance or payment, and is therefore not satisfaction. Nothing short of actual performance or payment, meaning performance or payment accepted, will suffice. *Long* v. *Scanlon,* supra; *Brunswick &c. R. Co.* v. *Clem,* 80 *Ga.* 534 (7 S. E. 84); *Troutman* v. *Lucas,* 63 *Ga.* 466; 1 C. J. § 20, 533. An accord without satisfaction is no bar. Thus an agreement that the plaintiff, in consideration of the payment of a specified sum in a few days by the defendant, would settle his suit, wherein damages were sought for a negligent homicide, does not bar a further prosecution of the action, unless followed by payment. 1 C. J. § 17, 532; *Carter* v. *Chicago &c. R. Co.,* 136 Mo. App. 719 (119 S. W. 35). It is only complete when all is done that was to be done in satisfaction. *Edwards* v. *Bryan,* 88 *Ga.* 248 (14 S. E. 595); *Redmon* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252). Repudiation by the plaintiff will not avail the defendant in a suit on the original cause of action. *Eichholtz v. Taylor,* 88 Ind. 38, 46. For example, where the plaintiff agrees with the defendant to accept a horse in satisfaction of his claim, but refuses thereafter to accept the horse when tendered by the debtor, this does not amount to an accord and satisfaction. *Harbor v. Morgan,* 4 Ind. 158. This would be only an accord without satisfaction. *Gleason* v. *Allen,* 27 Vt. 364. In such a case the remedy of the defendant, if any he has, is upon the contract, if the plaintiff has failed to perform it. *Young v. Jones,* 64 Me. 563 (18 Am. R. 279); *Schweider* v. *Lang,* 29 Minn. 254 (13 N. W. 33, 43 Am. R. 202).

This case does not fall within the rule that if the promise or agreement itself, and not the performance thereof, is accepted in satisfaction of the demand, and the agreement to accept is based on a sufficient consideration, the demand is extinguished and can not be the foundation of an action, whether the original demand was in tort or contract. Under these circumstances, there is a valid accord and satisfaction even though the performance is not complete. According to the plain meaning of the alleged agreement in this case, it was the performance instead of the agreement or promise that was to be in satisfaction. *Byrd Printing Co.* v. *Whitaker Paper Co.,* 135 *Ga.* 865 (70 S. E. 798, Ann. Cas. 1912A, 182); *Brunswick &c. R. Co.* v. *Clem,* supra; *Molyneaux* v. *Collier,* supra.

■ The plaintiff in the trial court, defendant in error before this court, requests that this court assess ten per cent. damages against the plaintiff in error, in that the writ of error was sued out by the plaintiff in error for the purpose of delay only. Code of 1933, § 6-1801. This court is vested with a discretion in such matters, and it does not appear that the reason for bringing this case to this court was delay only. *Georgian Co.* v. *Kinney,* 19 *Ga. App.* 732 (92 S. E. 31) ; *Robinson* v. *Woodruff Machinery Mfg. Co.,* 23 *Ga. App.* 426 (98 S. E. 405) ; *Varner* v. *Darien Bank,* 48 *Ga. App.* 298, 302 (172 S. E. 651). Accordingly, the request of the defendant in error for the assessment of damages is denied.

■ The evidence supports the verdict in the plaintiff's favor, and, the trial court having committed no error of law, it was not error to overrule the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*