50063. CAPITAL AUTOMOBILE COMPANY, INC. v. RICK.

ARGUED JANUARY 14, 1975 — DECIDED APRIL 9, 1975 — REHEARING DENIED MAY 15, 1975.

*Westmoreland, Hall, McGee & Warner, Edward E. Bates, Jr.,* for appellant.

*G. Fred Bostick,* for appellee.

DEEN, Presiding Judge.

1. The failure to specify in the letter returning the check that it would not be accepted in lieu of cash eliminates the right to object on the ground that the check was not legal tender. "It was immaterial that the actual cash was not tendered since the defendant by his course in failing to object to the tender on that ground and at the first opportunity waived his right to insist on payment in cash." *White v. Turbidy,* 227 Ga. 825, 827 (5) (183 SE2d 363); Code § 20-1105.

2. "An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Code § 20-1204. "Nothing short

of actual performance or payment, meaning performance or payment accepted, will suffice. *Long v. Scanion,* [105 Ga. 424, 31 SE 436]; *Brunswick &c. R. Co. v. Clem,* 80 Ga. 534 (7 SE 84); *Troutman v. Lucas,* 63 Ga. 466." *Campbell Coal Co. v. Pano,* 51 Ga. App. 232, 234 (180 SE 139).

3. It is contended, however, that the situaton is different where it is the plaintiff who makes an offer, and the offer is accepted *and* executed by the debtor, so that nothing further remains to be done. We agree that such a situation sometimes arises, the effect of which might be denominated an executory compromise agreement. This sort of compromise most frequently appears in regard to settlement agreements relating to pending lawsuits, viz. *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187); *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724). In such cases the differences are clear-cut and the compromise of disputed rights is obvious. Whether there is in fact a difference between a compromise and an accord (see Code § 20-1205; 1 CJS 464, Accord & Satisfaction, § 1b (4)), so that one may be executory and the other not, is a difficult one. In *Campbell Coal Co. v. Pano,* 51 Ga. App. 232, 234, supra, it was suggested in the statement that if the plaintiff should agree with the defendant to accept a horse in satisfaction of his claim, but thereafter refused to accept it when tendered, there was no accord and satisfaction and "the remedy of the defendant, if he has one, is upon the contract." In the present case we find no offer of a *contract to compromise.* The statement in the original letter was that the defendant owed the plaintiff a stated sum due to stated circumstances, and if he did not receive it he would sue. The sum was indeed remitted, but the plaintiff in the meantime discovered that the defendant owed him not only the sum stated but more besides. Not having made any offer to forgive all debts, he still held the option of accepting the lesser sum. The check when mailed had a release of all claims on the back of it, and not wishing to give up the remainder of his cause of action he returned it immediately to the sender. Under these circumstances it does not appear as a matter of law that the plaintiff is precluded from demanding the entire amount which he claims is due him.

The trial court did not err in denying the motion for

summary judgment.

*Judgment affirmed. Bell, C. J., Clark, Stolz and Webb, JJ., concur. Pannell, P. J., Quillian, Evans and Marshall, JJ., dissent.*

QUILLIAN, Judge, dissenting.

I feel that the plaintiff's attorney's letter of October 25, 1973 was an offer of compromise which was accepted by the defendant and duly executed.

EVANS, Judge, dissenting.

On September 25, 1973, counsel for D. R. Rick, wrote a letter to Capital Automobile Company and therein stated that Capital owed Rick $700.73, and unless payment was made by October 6, 1973, suit would be filed. Considerable elaboration and detail were set forth in the letter to explain how the above figure was computed. On October 1, 1973, counsel for Capital Automobile Company mailed its check to Rick's attorney for the $700.73 demanded, but Rick's counsel returned the check on October 4, 1973, not on the ground that cash was insisted upon, but because of the contention that Rick's attorney had made a mistake in demanding only $700.73, and contended that Capital actually owed other expenses which Rick had incurred, and of which Rick's attorney was not aware at the time of writing the demand letter for $700.73. The correct amount claimed to be due was not set forth in the letter of October 4, but it was suggested that Capital contact Rick's lawyer if it desired to settle with Rick.

Thereafter Rick sued Capital for $738.16 special damages and $10,000 punitive damages. Capital answered and denied indebtedness, and inter alia, pleaded full settlement by reason of payment of the sum demanded.

While Rick's lawyer has not set forth how much additional money he contended was owed by Capital, when the check was returned on October 4th, it appeared when his complaint was filed that instead of $700.73, Rick was contending that approximately $38 additional was owed.

1. Capital's plea of settlement was a plea of accord and satisfaction. Code § 20-1201 provides: "Accord and

satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. . ." In other words, Capital contends that irrespective of whether it owed $738.16 or $700.73, when Rick's lawyer demanded the latter figure, and said unless it was paid promptly suit would be filed, Capital had the right to and did promptly act upon that statement, and mailed his check for the amount demanded, to wit, $700.73.

2. While Capital did not pay by cash, the failure of Rick to insist upon a different form of payment than check waived any right he might have had to insist upon a payment in cash. Code § 20-1105; *White v. Turbidy,* 227 Ga. 825, 827 (5) (183 SE2d 363).

3. This case seems to be governed in Capital's favor by Code § 20-1204, which is as follows: "An agreement by a creditor to receive less than the amount of his debt *cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money,* or the giving of additional security, or the substitution of another debtor, or some other new consideration." (Emphasis supplied.) This statute, conversely, is stating that accord and satisfaction can be pleaded where the money is paid after the creditor agrees to receive less than the amount of his debt.

Rick agreed to receive less than the amount he now contends was actually due, and Capital acted on the agreement, and paid that amount within the time demanded, by check. Rick's failure to cash the check does not alter the situation.

I therefore respectfully dissent from the opinion by the majority in this case.

I am authorized to state that Presiding Judge Pannell and Judge Marshall join in this dissent.