## LONG *v.* SCANLAN.

1. Grounds of a motion for a new trial not approved by the trial judge will not be considered by this court. An amendment to a motion for a new trial, which has upon it an entry of "allowed" and nothing else to indicate an approval of the grounds, is not sufficiently verified to authorize this court to deal with the errors assigned therein.
2. Where a party sues for damages growing out of a breach of contract, and the defendant pleads accord and satisfaction and claims this contract of settlement can not be rescinded without payment or tender by plaintiff, before bringing suit, of money received thereunder, it is a sufficient reply to such a plea that the defendant had failed to comply with other material obligations which were of the essence of this alleged contract of accord and satisfaction. This latter agreement not being fully executed, a tender of money received thereunder was not necessary before filing suit on the original contract.
(a) An amendment to the original petition, tendering to defendant the amount received by plaintiff under the agreement of accord and satisfaction, was unnecessary, but the allowance of the same was harmless to defendant.

Argued June 20, — Decided July 27, 1898.

Complaint for damages. Before Judge Janes. Polk superior court. August term, 1897.

*Fielder & Mundy,* for plaintiff in error.
*Irwin & Bunn, J. A. Wright* and *C. E. Carpenter,* contra.

SIMMONS, C. J. 1. The defendant in the court below lost his case there, and made a motion for a new trial. This motion con-

tained several grounds which were approved by the trial judge. Subsequently, many additional grounds were added by way of amendment to the original motion. These grounds were not approved, either expressly or by implication. They had written upon them only the word "allowed," and whether that was written by the judge or by counsel does not appear. This entry upon them meant, in our opinion, nothing more than that counsel's request to file additional grounds as an amendment was granted. A trial judge may pass upon grounds of a motion for new trial without approving them in the first instance. If, however, he overrules the motion and the case is brought here, it is necessary, before this court can consider the grounds, that they have the express approval of the trial judge and that the fact of his approval affirmatively appear. Had this motion been granted by the trial judge and the case been brought here by the plaintiff below, alleging error in granting the motion, the granting of the motion would have been such a verification of the grounds that they could be considered here. The granting of the motion on these grounds verifies their truth. *Stephens* v. *Woolbright,* 60 *Ga.* 322; *Flournoy, Hatcher & Co.* v. *Wardlaw,* 67 *Ga.* 378; *Skinner* v. *Roberts,* 92 *Ga.* 366. The grounds of the motion in the present case which were added as an amendment do not show that they were approved by the trial judge, nor is there any recital in the bill of exceptions that they were so approved. They therefore can not be considered.

2. Mrs. Scanlan brought suit against Long, alleging in her petition that she had turned over to him a certain amount of personal property for which he agreed to give her a home and to support her during her life; that, in pursuance of this agreement, she went to Long's house and remained there a certain length of time, when he violated his contract by refusing to support her or to allow her to live in his house. She therefore sought damages for the breach of the contract. There were also other allegations which it is not necessary for the purposes of this decision to mention. Long, in his answer, denied most of the allegations of the petition, especially denying that any contract was made between him and plaintiff as alleged, and filed a special plea of accord and satisfaction. That plea al-

leged in substance that he had agreed, subsequently to the time of the alleged contract upon which she sued, to let plaintiff live in a certain house on his farm for and during her life and to pay her twenty-five dollars, in full settlement of her claims against him; that she agreed in writing to this, received the money and went into possession of the house, and that the accord was therefore completely executed. He introduced in evidence a writing such as described, signed by Mrs. Scanlan. The evidence introduced by Mrs. Scanlan tended to show that she did not remember signing a paper containing such terms as those of the instrument relied upon by Long; that if the paper she signed contained such terms, she had not understood it at the time of signing, because of her crazed and feeble condition; that the terms of the paper, which were in part executory, had never been fully performed by Long; that, while he had allowed her to move into a house on his farm, he shortly thereafter, by his conduct, compelled her to leave it, and she had not resided there since. If this contention of hers was true, we think it was a good reply to the plea of accord and satisfaction. The agreement on Long's part to allow her to live in the house during her life was not fully performed. When a plea of accord and satisfaction is filed by a defendant, he must show full performance of its terms by himself and a full acceptance by the plaintiff. Unless he show this, the accord is no bar to a suit upon the original contract or claim. "Interest reipublicæ ut sit finis litium. Accord executed is satisfaction; accord executory is only substituting one cause of action in the room of another, which might go on to any extent." Lord Chief Justice Eyre in Lynn *v.* Bruce, 2 H. Black. 317. "Every accord ought to be full, perfect, and complete; for if divers things are to be performed by the accord, the performance of part is not sufficient, but all ought to be performed. . . If the thing be to be performed at a day to come, tender and refusal is not sufficient, without actual satisfaction and acceptance." Peytoe's case, 9 Coke, 79*b* (ed. 1826, vol. 5, p. 145). To be good, the accord must be fully executed: Russell *v.* Lytle, 6 Wend. 390, 22 Am. Dec. 537; Brooklyn Bank *v.* De Grauw, 23 Wend. 342, 35 Am. Dec. 569; Hearn *v.* Kiehl, 38 Pa. St. 147, 80 Am. Dec. 472;

Jones *v.* Fennimore, 1 G. Greene (Iowa), 134; Fentress *v.*
Markle, 2 G. Greene, 553; Clark *v.* Dinsmore, 5 N. H. 136;
Ballard *v.* Noaks, 2 Ark. 45; execution of part and tender of
performance of residue is not sufficient: Kromer *v.* Heim, 75
N. Y. 574, 31 Am. Rep. 491, and cases cited; Frost *v.* John-
son, 8 Ohio, 393; 3 Black. Com. 15; 5 Lawson, Rights, Rem.
& Pr. §§ 2567, 2568. See also Civil Code, §§ 3732, 3735;
Coit *v.* Houston, 3 Johns. Cas. 243, 256. " As long as the ac-
cord is executory, although it is partially performed, the origi-
nal cause of action is not extinguished." *Brunswick & W. Ry.
Co.* v. *Clem,* 80 *Ga.* 534. The evidence in the present case was
sufficient to authorize a finding that the original contract set up
by the plaintiff was in fact agreed upon by the parties, and the
jury so found. The plaintiff thus made out her case, and it
was for the defendant to make out his defense,—accord and sat-
isfaction. While the evidence shows that Mrs. Scanlan moved
into the house on defendant's farm, it also shows that Long, by
his conduct, compelled her to leave it. He thus violated the new
agreement which he afterward relied upon as a satisfaction of
the former one. He can not rely upon an unexecuted accord as
a bar to the plaintiff's action; and this is certainly true where
he has himself failed and refused to perform the accord.

The point is made that Mrs. Scanlan could not rescind the
written agreement without restoring the status; that, whether
or not she knew the terms of that agreement, she at least knew
that she had signed it and had received twenty-five dollars under
it, and that she should have paid back that amount to Long or
offered to do so; that until she had done so, she could not avoid
the contract under which she had received the money. This we
think is not true. The accord, not being fully executed, was no
bar to her suit, and the portion which had been performed could
be effectual not as a bar but only as a satisfaction pro tanto. It
is held, in the case of *Brunswick & W. Ry. Co.* v. *Clem,* supra,
that " A mere accord, though partly performed or executed, does
not extinguish the original right; the part execution may be
pleaded as satisfaction pro tanto." That case is very similar to
the present, and the decision there controlling here, as will ap-
pear from the following portion of the opinion of Bleckley, C.

J., in that case: "The complaint is, that if there was a contract of accord and satisfaction partly performed, the plaintiff could not rescind as to the part performed without restoring the defendant to its original condition; and this is certainly the ordinary rule of rescission where it is not a matter of mutual consent. . . But the rule does not apply to accord and satisfaction, because, in order for there to be accord and satisfaction, the accord must be executed. That is what makes the satisfaction. As long as the accord is executory, although it is partially performed, the original cause of action is not extinguished, and an action may be brought upon it, and the remedy for the defendant is to plead his part performance as satisfaction pro tanto. He gets credit for all he has paid upon it, but the right of action is not extinguished by an accord merely, without complete satisfaction, where the parol contract is that performance, not mere promise, is to constitute the satisfaction."

The motion for new trial alleges as error the allowance by the trial judge of an amendment to the plaintiff's petition, tendering to defendant the twenty-five dollars and any other property or rights which may have been received by plaintiff under the agreement of accord and satisfaction. For the reasons given in the preceding portions of this opinion, we think that this amendment was entirely unnecessary; and that this amount should have been pleaded by defendant as a partial settlement of the original contract and credited to him as such. The amendment, being unnecessary, could not in any way help the plaintiff, and its allowance was therefore harmless to the defendant. Whether the allowance of this amendment was proper or not, it worked no injury to the defendant and is not reversible error, if error at all.

*Judgment affirmed. All the Justices concurring.*