9489. FARMERS STATE BANK *v.* SINGLETARY *et al.*

WADE, C. J. 1. Where accord and satisfaction is pleaded in bar to a suit based on the original cause of action, it must appear that the accord has been fully executed; but where an agreement has been reached between the parties as to the amount of indebtedness due by one to the other after a comparison and adjustment of their respective claims, and a portion only of the resulting sum of indebtedness agreed upon is paid by one party and the balance thereof still remains unpaid, the other party is not compelled to rescind or disregard the compromise agreement and sue on the original claim, but may at his election retain the amount received under the compromise agreement and maintain an action for the balance due thereunder.

(a) Under the allegations in the petition in this case, it was at least necessary that an agreement be reached as to the market value of the cotton at some particular date, out of which the demand of the plaintiffs arose.

2. The compromise or liquidation contract between the parties which furnishes the foundation for the action brought is not an unilateral contract.

3. Under the allegations in the petition it does not appear that any amount of money was loaned to the plaintiffs, and therefore there is no merit in the contention that the petition fails to disclose that the amount loaned to the plaintiffs by the bank was not in excess of that allowed by law.

4. The trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED OCTOBER 15, 1918.

Complaint; from Early superior court—Judge Worrill. January 5, 1918.

The petition alleges, in substance, that on June 30, 1915, it was agreed between the plaintiffs and the defendant, the Farmers State Bank, that the bank should be allowed to hypothecate, for the purpose of obtaining funds needed in carrying on its regular banking business, certain cotton delivered to it by the plaintiffs on that date; and at the same time the bank issued to them certificates of deposit for $17,162.64, which amount was to be deducted from the proceeds of the cotton when sold, it being agreed that no such sale should be made until the plaintiffs should consent to the sale. The bank, in accordance with the agreement, borrowed on the cotton large sums of money, which were used in its regular banking business, but, in violation of the agreement, sold the cotton without the consent of the plaintiffs, and they demanded that the bank come to an accounting and pay to them the balance due for the cotton after they had accounted to the bank for the certificates of deposit

issued to them; whereupon it was agreed between the parties, on April 22, 1916, that the bank was indebted to the plaintiffs for the value of the cotton, in the sum of $28,505.52, less the amount of the certificates of deposit and the amount of certain advances and of certain promissory notes; and, in partial settlement, the bank canceled and delivered to the plaintiffs one of these notes and gave its receipt for the amount of the others. Under the terms of this compromise, settlement, and agreement, there became due to the plaintiffs on April 22, 1916, $6,989.27, which remains unpaid, and the bank refuses to pay it. The suit is for this amount and interest.

The demurrer is on the grounds: (1) No cause of action is set out. (2) The petition does not set up that the defendant had enough capital and surplus to authorize the agreement to lend $17,-162.64, or that the loan was amply secured by good collateral. (3) The alleged contract is unilateral, no consideration being obtained by the bank for the option claimed by the plaintiffs. (4) No facts alleged authorize a claim that a compromise was effected between the parties litigant.

Cited by counsel for plaintiff in error: Civil Code (1910), §§ 4326-9; 1 Corpus Juris, 527, 530-4, 539-57, 567-8, 574-7; *Troutman* v. *Lucas*, 63 *Ga.* 466, 469; *Blalock* v. *Jackson*, 94 *Ga.* 469 (3); *Patterson* v. *Ramspeck*, 81 *Ga.* 808 (4); *Taylor* v. *Thomas*, 61 *Ga.* 472 (3); *Kennedy* v. *Maddox*, 15 *Ga. App.* 684; *Stone Mountain Granite Corporation* v. *Patrick*, 19 *Ga. App.* 269 (4); *Brunswick R. Co.* v. *Clem*, 80 *Ga.* 534; *Long* v. *Scanlan*, 105 *Ga.* 426; *Fouché* v. *Morris*, 112 *Ga.* 143, 144-5; *Petty* v. *B. & W. Ry. Co.*, 109 *Ga.* 680; *Lowry* v. *Sloan*, 51 *Ga.* 633 (2), 636-7; *Dannelly* v. *Cuthbert Oil Co.*, 131 *Ga.* 697-8; *Long* v. *Lawson*, 7 *Ga. App.* 460-1; *Edwards Bottling Works* v. *Jarnagin*, 11 *Ga. App.* 163; *Bynum* v. *Knighton*, 137 *Ga.* 251 (1); *Dillard* v. *Dillard*, 118 *Ga.* 97 (3); *Nance* v. *Winship Machine Co.*, 94 *Ga.* 649 (3); *Smith* v. *Mechanics Nat. Bank*, 108 *Ga.* 211; *Bowen* v. *Waxelbaum*, 2 *Ga. App.* 522 (3-5), 524-5; *City Electric Co.* v. *Floyd County*, 115 *Ga.* 655; *Belt* v. *Lazenby*, 126 *Ga.* 767 (2, 3), 771-2, and cit.; *Byrd Printing Co.* v. *Whitaker Paper Co.*, 135 *Ga.* 865 (2), 867-8; *Dickerson* v. *Dickerson*, 19 *Ga. App.* 269; *Davis* v. *Morgan*, 117 *Ga.* 504 (1), 505-7, and cit.; *Reese* v. *Hood*, 99 *Ga.* 132-3; *American Mortgage Co.* v. *Rawlings*, 127 *Ga.* 82; *McLendon* v. *Wilson*, 52 *Ga.* 41 (1);

*Stewart* v. *Stephens,* 7 *Ga. App.* 453, 458-60; *Graham* v. *Howell,* 50 *Ga.* 203 (2); *Rhodes* v. *Outcault Adv. Co.,* 135 *Ga.* 516. (1-2); *Copeland* v. *Montgomery,* 8 *Ga. App.* 633; *Ryan* v. *Progressive Pub. Co.,* 16 *Ga. App.* 83, 86 et seq., and cit.; *Phinizy* v. *Bush,* 129 *Ga.* 479 (6), 491; *Molyneaux* v. *Collier,* 13 *Ga.* 407 (11-14), 420-4; s. c. 3 *Ga.* 112, 17 *Ga.* 46, 30 *Ga.* 731; *Parker* v. *Riley,* 21 *Ga.* 427 (2); *Mallet* v. *Watkins,* 132 *Ga.* 700-1, and cit.; *Swindell* v. *Bainbridge State Bank,* 3 *Ga. App.* 364, 366-7; *Savannah Ice Co.* v. *Canal-Louisiana Bank,* 12 *Ga. App.* 819 (10); *First Nat. Bank* v. *Monroe,* 135 *Ga.* 614 (2); *Gordon* v. *Mitchell,* 68 *Ga.* 12 (3), 17 et seq.; *Penitentiary Co.* v. *Gordon,* 85 *Ga.* 160 (8), 170.

Cited contra: *Georgia R. Co.* v. *Kent,* 92 *Ga.* 782; *Morris* v. *Munroe,* 30 *Ga.* 630; *Sprigs* v. *Bramblett,* 54 *Ga.* 348; *Bass* v. *Bass,* 73 *Ga.* 135; *Tyson* v. *Woodruff,* 108 *Ga.* 368; *Thornton* v. *Lemon,* 114 *Ga.* 155; 6 Am. & Eng. Enc. L. (2d ed.) 713, and cit.; *City Ry. Co.* v. *Floyd County,* 115 *Ga.* 655, 657; *Rogers* v. *Ball,* 54 *Ga.* 15; *Glaze* v. *W. & A. R. Co.,* 67 *Ga.* 761 (2); 3 Cook, Corp. (7th ed.) § 750, p. 2749; New Albany *v.* Burke, 11 Wall. 96; First Nat. Bank *v.* Exchange Bank, 92 U. S. 122; Illinois Pneumatic Co. *v.* Berry, 113 U. S. 322; *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269; *Kennedy* v. *Maddox,* 15 *Ga. App.* 684 (distinguished).

*Park & Stone, Glessner & Collins,* for plaintiff in error.

*Pottle & Hofmayer,* contra.