27325. KING *v.* LIBERTY NATIONAL LIFE INSURANCE COMPANY.

DECIDED JANUARY 23, 1939.  REHEARING DENIED FEBRUARY 22, 1939.

*T. J. Lewis, T. L. Slappey,* for plaintiff.

*W. L. Bryan, Carlton Mobley,* for defendant.

FELTON, J.  Mamie King, beneficiary in an insurance policy, sued Liberty National Life Insurance Company for $86 cash benefit provided for in the policy.  The policy provided for the payment of a burial benefit of $150 which was incontestable from the issuance of the policy.  The $86 cash benefit was contestable within two years for fraud or misstatement of age.  Otherwise, both sums were payable after one year.  The insured died more than one year from the date of the policy and less than two years from its date. The insurance company defended on the ground that it had paid $150 burial benefit, and had obtained a release from all demands under the policy.  The plaintiff contended that there was no consideration for the release of the $86 benefit as the $150 claim was undisputed.  The municipal court of Atlanta rendered judgment for the defendant.  The appellate division reversed this judgment and rendered final judgment for the plaintiff.  The superior court of Fulton County reversed the appellate division and there is exception to this judgment.

■ The municipal court was authorized to find that before the plaintiff signed the release she knew that the policy provided for a benefit payment of $86 in addition to the burial benefit, and that the insurance company contended that it did not owe the cash benefit because of false, fraudulent, and material misrepresentations of the insured in her application for insurance.  It is too well settled to require citation of authority that the settlement of a disputed claim is a sufficient consideration for an accord and satisfaction.  Even if there had been no bona fide dispute, under the Code, § 20-1204, the actual payment and acceptance of a lesser sum than due would be binding if done with the understanding that the claim would thereby be satisfied.  This case should not be confused with those where the agreement has not been fully executed.  In such a case a mere agreement to accept a lesser sum than that claimed to be due would require that there exist a dispute or some

other consideration. In this connection see *Phillips* v. *Lindsey*, 31 *Ga. App.* 479 (120 S. E. 923). This construction of Code, § 20-1204, has been approved in the foregoing case and by the Supreme Court in *Burgamy* v. *Hollon*, 165 *Ga.* 384 (141 S. E. 42), where the court made this statement: "From this section it would seem that the agreement of the creditor to receive less than the amount of his demand, and the payment of money thereunder, is a sufficient consideration for such agreement, and stands upon the same footing as 'the giving of additional security, or the substitution of a new debtor, or some other new consideration.'" Also in *Rogers* v. *Ball*, 54 *Ga.* 15; *Tyler Cotton-Press Co.* v. *Chevalier*, 56 *Ga.* 494; *Tarver* v. *Rankin*, 3 *Ga.* 210 (4); *Brown* v. *Ayer*, 24 *Ga.* 288 (3). See 1. C. J. 539-543. The Supreme Court of the United States has likewise construed the section. Chicago, Milwaukee & St. Paul R. Co. *v.* Clark, 178 U. S. 353, 356 (20 Sup. Ct. 924, 44 L. ed. 1099). The case of *Pan-American Life Insurance Co.* v. *Bagley*, 55 *Ga. App.* 610 (191 S. E. 144), relied upon by plaintiff in error, is distinguishable, among other reasons, because, according to the petition in that case, there was no intention to settle a disputed claim or relinquish any claim whatever.

There was no error in reversing the judgment of the appellate division of the municipal court which reversed the judgment of the trial court in favor of the insurance company.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*