### 31940. RUSSELL *v.* SMITH.

DECIDED MAY 8, 1948.

*Lipshutz & Macey*, for plaintiff.

*Spalding, Sibley, Troutman & Kelley, James M. Sibley, James A. Branch Jr.*, for defendant.

PARKER, J. "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." Code, § 20-101. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the as-

sent of the parties to the terms of the contract, and a subject-matter upon which it can operate." § 20-107. That the instrument here under consideration has these basic requisites of a contract is easily demonstrable. It is an agreement between the parties whose signatures are affixed thereto, and whose relationship to each other is clearly stated, for the doing by each of some specified thing. Each promises to do a certain thing, Smith to pay a sum of money and Russell to release his claims. Whether the parties are able to contract is a question not presented by the demurrer, and nothing to the contrary appearing, they will be presumed to be so able. "A promise of another is a good consideration for a promise." Code, § 20-304; *Benton* v. *Roberts*, 41 *Ga. App.* 189 (3*a*) (152 S. E. 141). The affixing of their signatures to the instrument by the parties shows their mutual assent to its terms and provisions. The subject-matter of the contract is, of course, the debt owing by one of the parties to the other. Thus we see that the instrument is a contract.

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code, § 20-702. "Courts should guard with jealous care the rights of private contracts and give to them full effect when possible so to do." *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797 (3), 800 (72 S. E. 295). "The construction which will uphold the contract in whole and in every part is to be preferred, and the whole contract should be looked at in arriving at the construction of any part." *Mill Wood & Coal Co.* v. *Flint River Cypress Co.,* 16 *Ga. App.* 636 (2) (85 S. E. 943). "When it is possible to do so without contravening any rule of law, the courts will construe a contract as binding on both the parties, where, from the language of the contract, the conduct of the parties, and all the attendant circumstances, it appears that the intention of the parties was that both should be bound by the sale, and substantial justice requires that the contract be given effect." *Good Roads Machinery Co.* v. *Neal,* 21 *Ga. App.* 160 (3) (93 S. E. 1018). "Where parties have attempted to execute a contract in writing, all the provisions of the instrument will, so far as permissible and consistent with their mean-

ing when reasonably interpreted, be given a construction that will uphold the instrument as a valid contract, rather than a construction which will render the instrument invalid." *Slater* v. *Savannah Sugar Rfg. Co.*, 28 *Ga. App.* 280 (1) (110 S. E. 759). See also *Stevenson* v. *Atlanta Mission Holding Corp.*, 72 *Ga. App.* 258, 261 (33 S. E. 2d, 568). It seems clear to us, upon a careful reading of the contract, that it was the intention of both the parties to be bound by the promises and agreements set forth therein, and that the instrument was valid and binding on each of the parties.

The contract was in the nature of an accord and satisfaction. It was alleged that it was entered into by the parties as a compromise of a bona fide controversy. As to contracts of this kind, "to accept in the future a stated performance in satisfaction of an existing contractual duty," one rule is: "(c) If the debtor breaks such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract." Restatement of the Law of Contracts, Vol. 2, Sec. 417. See Williston on Contracts, Revised Edition, Vol. 6, Section 1848, *Farmers State Bank* v. *Singletary*, 22 *Ga. App.* 653 (97 S. E. 90), and *Byrd Printing Co.* v. *Whitaker Paper Co.*, 135 *Ga.* 865 (70 S. E. 798, Ann. Cas. 1912 A, 182).

We think that the court erred in sustaining the motion to dismiss, because the petition as amended set forth a cause of action.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*