## 44812. PRESTON & FOGARTY, INC. v. MORGAN.

EVANS, Judge. This is a suit on a note in a named sum. The plaintiff alleged that demand for payment had been made and no payments made after demand. In addition, plaintiff sought attorneys' fees by reason of the default. Attached to the note signed by the defendant was a statement by him that "I understand that my balance is" the amount shown on the note and that he would endeavor to reduce it further. The record shows an account for insurance policies purchased by the defendant with reference to several shrimp trawlers owned by him for a number of years from 1962 through 1967. The plaintiff moved for summary judgment based upon the

defendant's answer, claiming a failure of consideration, and also upon the interrogatories showing the sums due on the books of account of the insurance company so as to effectively defeat the plea of failure of consideration, thereby allegedly leaving no material or genuine issue of fact to be decided. In response thereto the defendant filed his sworn affidavit that he had in past years contracted with plaintiff for certain insurance coverage on certain shrimp boats, purporting to insure said boats, "that he has paid for such coverage and that there is no amount due and owing." He further swore that he had signed the promissory note under a mistake of fact that at such time he owed the plaintiff said sum, but that "he received nothing in value prior to the execution of such promissory note which would amount to consideration which would authorize enforcement of collection of such promissory note," and that the affidavits submitted by the defendant as to the officers of the plaintiff corporation were untrue and that he presently has his insurance coverage with another company and has had such coverage for some period of time, the exact date being presently unknown to him. The lower court held that there was a genuine issue of fact as to the question of defense of failure of consideration as framed by the affidavits, interrogatories and the records filed by the parties, and the motion was denied. The appeal is from that judgment. *Held:*

While the defendant admitted that he had executed the note, yet his sole defense was that he later determined that he was not indebted to the plaintiff at the time he executed the note, and therefore there was a failure of consideration. In the trial of the case his mere denial of the indebtedness and statement that the records are incomplete and incorrect will be subject to a thorough and sifting cross examination, but on motion for summary judgment his affidavits conflict sharply with the other affidavits and interrogatories in evidence, thereby making a question for determination by a jury. It follows that the court did not err in denying summary judgment. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298); *Horton v. Nichols*, 117 Ga. App. 748, 751 (162 SE2d 208). While there is a presumption that a negotiable instrument is based on a valid and sufficient considera-

880

tion (see *Leiter v. Arnold,* 114 Ga. App. 323 (151 SE2d 175) ; *Code* §§ 14-301, 109A-3—408) yet a jury might decide that the presumption was overcome and for this reason a conclusive factual situation requiring the grant of the motion for summary judgment has not been shown. The case of *Green v. Wright,* 225 Ga. 25 (165 SE2d 843) is not controlling here since it cannot be said that the defendant's sworn statement to the effect that he does not owe the sum sued upon is a bare conclusion. The *Green* case also stated that a deed showing restrictive covenants was the highest and best evidence and the affidavit of a lawyer examining the title could not refute the deed itself. It has no bearing on the issue here.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED OCTOBER 7, 1969—DECIDED NOVEMBER 5, 1969—REHEARING DENIED DECEMBER 19, 1969—

*Pierce, Ranitz, Lee, Berry & Mahoney, Howard A. McGlasson, Jr.,* for appellant.

*Jones, Kemp & Osteen, Charles M. Jones,* for appellee.