### 45000. MASON v. RALSTON PURINA COMPANY.

EVANS, Judge. 1. Where, on review of the grant of a motion for summary judgment, the parties stipulate that a named sum was a stated account, and there was evidence that the balance of the sum awarded was on a promissory note due on demand, executed by the appellee, which was not denied, the pleading alleging failure of consideration has been pierced, and the court did not err in granting summary judgment in favor of the movant for the sum stated in the judgment. The appellant failed to offer any evidence to dispute the affidavits and the executed note submitted on the motion, hence the movant carried the burden of producing evidence which eliminated all material issues in the main case.

2. The cross action filed to the suit claimed damages resulting from the plaintiff's failure to release a security agreement and a financing statement granted to the plaintiff by the defendant, in that the plaintiff had acted arbitrarily and without reason which resulted "in forcing defendant out of the egg business," which cross action fails to show any claim to the relief sought since no actionable grounds of injury are shown by the alleged pleading as the plaintiff had a perfect right to keep his security, and the affidavits show that the plaintiff was not required to nor did he ever promise or indicate an intention to release the financing statements or security. The affidavit of the defendant that "the plaintiff is indebted to the defendant in the sum of $69,800 for damages and this also presents an issue of fact to go to a jury" is a mere statement of his claim and no damages are set out which resulted from an injury to the defendant by the plaintiff.

3. Since no services were set out which were to be performed, no failure of consideration is shown. This case differs on its facts from those of *Preston & Fogarty, Inc. v. Morgan,* 120 Ga. App. 878, wherein the affidavit of the respondent showed

the question of failure of consideration remained for consideration by a jury.

4. As no issue remains for consideration by a jury, and the granting of the motion for summary judgment had the effect of dismissing the cross action, the

*Judgment is affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 27, 1970.

*Cain, Smith & Porter, J. Richard Porter, III,* for appellant. *Carlisle & Chason, Willard H. Chason,* for appellee.