46067.  HALL v. WESTMORELAND, HALL & BRYAN.

ARGUED MARCH 3, 1971—DECIDED MAY 21, 1971.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr.,* for appellee.

QUILLIAN, Judge. The plaintiffs contend that the trial judge properly granted their motion for summary judgment since Exhibit "A" was a negotiable instrument and that they were holders in due course to whom any defenses interposed by the defendant were not applicable.

One of the requirements of a negotiable instrument is that it contain the time honored "words of negotiability," such as pay to the order of or pay to bearer. This was inherent in our law prior to the enactment of the Commercial Code. See *Pryor v. American Trust &c. Co.,* 15 Ga. App. 822, 825 (84 SE 312); *Metropolitan Discount Co. v. Wardlaw,* 37 Ga. App. 423 (2) (140 SE 525); *Chandler v. Smith,* 147 Ga. 637 (1) (95 SE 223). The Commercial Code continues this practice by now stating: "Any writing to be a negotiable instrument within this Article must . . . be payable to order or to bearer." *Code Ann.* § 109A-3—104 (1) (d) (Ga. L. 1962, pp. 156, 239). See *Code Ann.* §§ 109A-3—110 and 109A-3—111 (Ga. L. 1962, pp. 156, 242, 243). In the absence of such language, Exhibit "A" would not be a negotiable instrument.

Even if Exhibit "A" be considered a negotiable instrument, plaintiffs failed to meet the requirements of a holder in due course. Under the Commercial Code, the payee may be a holder in due course. *Code Ann.* § 109A-3—302 (2) (Ga. L. 1962, pp. 156, 252). However, this does not mean he is per se a holder in due course; for he must meet all the requisites outlined in *Code Ann.* § 109A-3—302. See also *Code Ann.* §§ 109A-3—303 and 109A-3—304 (Ga. L. 1962, pp. 156, 253). Furthermore, even a holder in due course takes the instrument free of all defenses *only* "of any party to the instrument with whom the holder has not dealt." *Code Ann.* § 109A-3—305 (2) (Ga. L. 1962, pp. 156, 255). Here, the plaintiffs failed to show they occupied the status of a holder in due course, or to establish they were not a party with whom the defendant dealt in this transaction.

As to one who is not a holder in due course, he takes the instrument subject to "all defenses of any party which would be available in an action on a simple contract; and the defenses of want or failure of consideration, nonperformance of any condition precedent, nondelivery, or delivery for a special purpose (109A-3—408)." *Code Ann.* § 109A-3—306 (b) and (c) (Ga. L. 1962, pp. 156, 255).

While parol evidence is generally not admissible to vary the terms of a written contract, want or failure of consideration or that a contract was void ab initio may be set forth by evidence extrinsic to the instrument. *Herrington v. Herrington,* 70 Ga. App. 768, 774 (29 SE2d 516); *Hawkins v. Collier,* 101 Ga. 145 (1) (28

SE 632); *Hinkle v. Hixon,* 154 Ga. 193 (2) (113 SE 805). See also *Purcell v. Armour Packing Co.,* 4 Ga. App. 253 (2) (61 SE 138); *S & S Builders v. Equitable Invest. Corp.,* 219 Ga. 557, 562 (134 SE2d 777).

It is therefore apparent that the defendant was entitled to use the defense of failure of consideration. The plaintiffs, as movants for summary judgment, had the burden of establishing that there was no material issue of fact. This case is controlled by the principles set forth in 6 Moore, Federal Practice & Procedure, § 56.17 [4], p. 2491: "Since one good defense will defeat recovery on a claim, where a defendant pleads both a sufficient negative and an affirmative defense, plaintiff is entitled to summary judgment only in the event that there is no genuine issue of material fact as to both the negative and affirmative defenses and he is entitled to judgment as a matter of law. When these conditions are satisfied, summary judgment may properly go for the plaintiff; otherwise not. Where the defendant's defenses are limited to one or more affirmative defenses and there is no triable issue of fact as to any of the affirmative defenses, or they are all legally insufficient, then the case is ripe for summary adjudication in accordance with applicable principles of substantive law. If, on the other hand, there is a triable issue of fact as to any one or more legally sufficient affirmative defenses, the plaintiff would not be entitled to summary judgment." Since the defense offered by the defendant was not legally insufficient as a matter of law, the plaintiffs had the burden of establishing the insufficiency of the defense as a matter of fact. The evidence in this case failed to accomplish this and the trial judge erred in granting summary judgment.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*