48934. DOYAL v. BEN O'CALLAGHAN COMPANY.

BELL, Chief Judge.

1. The defendant by way of counterclaim sought recovery on a $12,000 note executed by plaintiffs payable to defendant, plus interest and attorney fees. The trial court partially granted defendant's motion for summary judgment for $12,000, the principal, plus specified interest and attorney fees. The plaintiffs admitted execution of the note and it was attached to the complaint. It is also undisputed that the note has not been paid and that defendant made demand upon plaintiff for payment in accordance with Code Ann. § 20-506 to establish the right to obtain the 15% attorney fees specified in the note. The only defense asserted

against recovery on the note was failure of consideration. The note was a part of an agreement dated March 3, 1969, given in settlement of all matters previously in dispute which arose out of their original contract for the installation by defendant of a heating and air conditioning system in plaintiffs' premises. By its terms, it was agreed that the "balance due" defendant upon the original contract would be settled and compromised and all claims of "plaintiffs" against defendant and all claims of defendant against plaintiffs would be released and discharged by payment by plaintiffs of $19,572.10 as follows: (1) $7,572.10 in cash on or before March 6, 1969; and (2) the balance of $12,000 to be paid by the note which is in issue. The contended failure of consideration is the defendant's refusal to honor the warranty provision of the settlement contract. This contention has no merit. The parties acknowledged in the new agreement that a "balance was due" defendant. It is obvious from this language that the plaintiffs gave the note in payment of and security for an antecedent obligation, i. e. the amount due defendant on the original contract. No consideration is necessary for an instrument given in payment of or as security for an antecedent obligation of any kind. Code Ann. § 109A-3—408. Notwithstanding the above, consideration was given as the settlement of the disputed claim is sufficient to render the entire contract binding. *Riley & Co. v. London Guaranty &c. Co.,* 27 Ga. App. 686 (109 SE 676). There is no genuine issue of fact with reference to the note. Defendant has shown its right to judgment on the note as a matter of law. The grant of the partial summary judgment was correct.

2. The trial court also correctly ruled that there were triable issues as to the main claim of plaintiffs for damages for breach of warranty as provided for in the settlement contract. This contract operated as an accord and satisfaction of the earlier one and plaintiffs' right to recover on a breach of warranty is controlled by the latter contract.

3. Issues as to the computation of interest on the note and attorney fees have not been enumerated as error and are not argued. We have no jurisdiction to pass on these issues. Code Ann. § 6-810; *Calhoun v. Patrick,* 116

Ga. App. 303 (157 SE2d 31).

*Judgment affirmed. Eberhardt, P. J., Clark, Stolz and Webb, JJ., concur. Pannell, P. J., and Deen, J., concur specially. Quillian and Evans, JJ., dissent.*

ARGUED JANUARY 11, 1974 — DECIDED JUNE 21, 1974 — REHEARING DENIED JULY 11, 1974 —

*Hurt, Hill & Richardson, Robert L. Todd, J. Robert Persons,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Charles E. Lamkin,* for appellee.

PANNELL, Presiding Judge, concurring specially.

R. L. Doyal, Jr., and others as owners of an apartment complex, entered into a written contract with Ben O'Callaghan Company for installation of heating and air conditioning equipment in the various apartments of the complex. A dispute arose as to delayed performance and the amount of the final payment. A conference was held and a purported accord and satisfaction of the differences between the parties was proposed. The defendant then, under date of March 3, 1969, wrote a letter of what he considered was the agreement reached as a result of the conference. This letter was signed by all parties. We quote from that agreement the material parts thereof putting the words "plaintiff" and "defendant" in the place of the names of the parties:

"It was agreed that the balance due by plaintiff to defendant under the above described contract would be settled and compromised and all claims of plaintiff against defendant and all claims of defendant against plaintiff, whether now existing or hereafter arising out of the above described contract would be released and discharged except for duties and obligations of defendant under warranties provided for in said agreement, as amended, by payment of plaintiff to defendant of $19,572.10 in addition to the other sums paid by plaintiff to defendant to date as follows: (1) $7,572.10 on or before March 6, 1969. (2) The remaining balance of $12,000 to

be paid 12 months from date. This indebtedness shall be evidenced by a promissory note executed personally by all participants in plaintiff, bearing interest from date at the rate of 8% per annum. It was my understanding, and I proposed that the date for termination of the warranties be October 1, 1969. The parties agreed that the warranties would extend through the changeover cycle from air conditioning to heating required in the fall of 1969, and this should be completed by October 1. I am enclosing a memorandum relative to those items which will be warranty items and those which would be service items. I am enclosing a promissory note for execution pursuant to our agreement." The agreement was carried out by the plaintiff paying the $7,572.10 cash on March 6, 1969, and executing the proposed note for the $12,000 bearing interest at 8% from date; the note being dated March 3, 1969, which note was delivered to and accepted by the defendant.

Doyal and the other joint owners, thereafter, filed suit against Ben O'Callaghan Company for breach of installation contract and certain warranties, for negligence in design and in the installation, and for failure to comply with the terms of the accord and satisfaction agreement.

The defendant answered and denied being indebted to plaintiff and pleaded accord and satisfaction of *all* of plaintiff's claims by reason of the accord and satisfaction agreement contending none of the claims for breach of warranty occurred prior to this agreement. The defendant counterclaimed and sought recovery on the note including principal, interest and attorney fees; and also, sought recovery for a small sum for work done since the execution of the alleged accord and satisfaction, which was not work occasioned by the alleged breach of warranty.

The defendant moved for summary judgment, on the basis of its construction of the accord and satisfaction agreement and, in the event the trial judge did not see fit to grant a summary judgment as to the entire case, prayed for in the order under Paragraph (d), Section 56 of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156). After a hearing, the

trial court granted a "partial summary judgment" entering the following order: "The defendant contends that the evidence has shown that plaintiffs owe defendant the principal sum of $12,000 as evidenced by the executed promissory note attached to the Affidavit of Ben O'Callaghan, as Exhibit Seven. This note matured March 3, 1970. Defendant further moves that if Summary Judgment cannot be granted upon the whole case, that the Court should award the amount of the note, plus interest and attorney's fees as a 'partial summary judgment' and direct the matter to be tried as to plaintiff's case only. Defendant argues that the original contract dated October 11, 1967, and attached to the Affidavit of Ben L. O'Callaghan as Exhibit One was later supplemented by Exhibits Two and Three. Defendant states that a subsequent agreement, attached to the O'Callaghan Affidavit as Exhibit Four amounted to an accord and satisfaction of the former contract between the parties. Exhibit Four of the Affidavit of Ben O'Callaghan is in letter form and provides that the date of termination of the warranties under the contract should be October 1, 1969. The contract sets forth the warranties between the parties and Exhibit Four of O'Callaghan Affidavit further identifies those items which are not warranty items. Code Ann. § 81A-156 (d) provides: 'If on motion under this section judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.' Although there has been some confusion over the meaning of this provision, particularly as it relates to subdivisions (a) and (b) of Code Ann. §

81A-156, the better view is that the term 'partial summary judgment' as used here by defendant is a misnomer and that Code Ann. § 81A-156 (d) 'is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to Code Ann. § 81A-116, and likewise serves the purpose of speeding up litigation by elimination before trial matters wherein there is no genuine issue of fact.' Advisory Committee on Rules for Civil Procedure. *Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States,* 5 F.R.D. 433, 475 (1946). Coffman v. Federal Laboratories, 161 F2d 94 (3d Cir. 1948), *cert. denied,* 336 U.S. 913 (1949); Biggins v. Oltmer Iron Works, 154 F2d 214 (7th Cir. 1946); Audi Vision, Inc. v. RCA Mfg. Co., 136 F2d 621 (2d Cir. 1943); Metal Coating Corp. v. Baker Mfg. Co., 227 FSupp. 529 (W. D. Wis. 1964). See *Finney v. Pan-American Fire & Casualty Co.,* 123 Ga. App. 250, 253 for further elaboration on this matter.

"Consequently, construing defendant's Motion as one for 'partial summary judgment,' the duty of this Court is to specify which facts appear and are deemed established during any further proceedings. It is therefore ordered that the defendant has established the indebtedness of the plaintiffs on the promissory note dated August 3, 1969, in the principal amount of $12,000, plus interest in the amount of $3,439.20, plus attorney's fees on the whole amount in the amount of $2,315.88. Accordingly, the trial will proceed on the main action of the plaintiffs but only as to damages arising from breach of warranty occurring on or before October 1, 1969, as provided in the agreement of the parties dated March 3, 1969. This 19 day of September, 1973."

1. It is apparent from paragraph 2 of the motion for summary judgment and the trial judge's order that he had no intentions to, and actually did not render a final judgment against the plaintiff on the defendant's counterclaim on the note for principal, interest and attorney fees, but was merely establishing the amounts of these items against which any recovery by plaintiff for the breach of warranty, or failure of consideration, because of such breach, could and would be set off, and

was apparently intended to be in the nature of a pre-trial order. However, the plaintiff properly appealed on the action taken as a "partial grant of a summary judgment" without a certificate for review. If the trial judge had merely ruled that the validity of the note had been established, that no payment or tender of payment had been made and that a proper notice of attorney fees had been given, he would have been on safer ground and there would have been no error.

2. Plaintiff-appellant contends that the note is void because it was given as part of a contract of accord and satisfaction, which has not been performed. See *Brunswick & Western R. Co. v. Clem,* 80 Ga. 534 (5), 539 (7 SE 84); *Long v. Scanlan,* 105 Ga. 424 (2), 427 (31 SE 436); *Petty v. Brunswick & Western R. Co.,* 109 Ga. 666, 680 (35 SE 82); *Redman v. Woods,* 42 Ga. App. 713 (157 SE 252). The argument of the plaintiff in this regard is that defendant has not performed his work properly and, therefore, the accord was reached but there has been no satisfaction, and therefore, the accord and satisfaction not having been consummated, the note given pursuant to it is void. This contention is without merit, as the contract of accord and satisfaction contains no obligation on the part of the defendant to do any further work to complete the subcontract, but was itself an agreement as to the amount of the final payment under the subcontract. Nor was the accord and satisfaction incomplete on the ground that the plaintiff had not paid the note counterclaimed upon by the defendant. The act of the defendant in discounting the note, or borrowing money upon it, and counterclaiming upon the note, demonstrates a conclusive acceptance of the note as a final payment under the subcontract. See *Alexander-Seewald Co. v. Questa,* 121 Ga. App. 611 (2) (175 SE2d 92).

Further, the settlement of disputed unliquidated claims is a sufficient consideration for an accord and satisfaction agreement (*Riley & Co. v. London Guaranty &c. Co.,* 27 Ga. App. 686 (1) (109 SE 676); *King v. Liberty Nat. Life Ins. Co.,* 59 Ga. App. 496 (1 SE2d 223)), and the defendant having elected to sue upon the note for the balance due, for which he had a right to do (*Farmers State*

*Bank v. Singletary,* 22 Ga. App. 653 (1) (97 SE 90)), it does not lie within the rights of the plaintiff to say the agreement of accord and satisfaction is void and the note is void because of plaintiff's failure to pay the note. There was, therefore, no error in holding the note valid for the full amount of the principal thereon.

3. There was no payment on the note or tender of payment so as to stop the accrual of interest. Code § 20-1105. Nor can the bringing of the complaint prior to maturity of the note and calling the complaint an attack on the note because of failure of consideration be considered a tender for the purpose of stopping the accrual of future interest for the reason that the prayers of the complaint sought the avoidance of the note on the grounds discussed in Division 2, above, together with a complete recovery of the total amounts sued for without applying such amounts to the payment of or a set-off against the note. The trial judge, therefore, was correct in including interest up to the date of his order as being established (subject to off-set by plaintiff's recovery, if any) but made a mistake in computing the interest from the due date of the note, rather than the date of the note as provided therein.

4. The trial court erred in setting any *amount* of attorney fees. The defendant's recovery of attorney fees, being on a percentage basis, depends upon the amount of his actual recovery of principal and interest. If the plaintiff should recover on the breach of warranty enough to reduce the principal and interest, the attorney fees recoverable by the defendant would be a percentage of the amount he should recover on the note over and above the recovery of the plaintiff. If there is no overage, the defendant recovers no attorney fees. See in this connection *Livingston Brothers v. Salter,* 6 Ga. App. 377 (1, 2) (65 SE 60); *Rylee v. Bank of Statham,* 7 Ga. App. 489, 498 (5) (67 SE 383).

5. It is clear from reading the letter proposing the accord and satisfaction which was accepted by the plaintiff that all claims "whether now existing or hereafter arising out of the" subcontract "would be released and discharged," and the only exception to this being the warranties under the subcontract, this

exception would include any claim for breach of warranty then existing or thereafter arising prior to October 1, 1969. The trial court, therefore, was correct in holding the plaintiffs were entitled to go to a jury as to breach of warranty occurring any time prior to October 1, 1969.

I would affirm the judgment with direction that the interest be figured from *the date of the note* and the *amount of attorney fees,* if any, be determined and fixed at the proper time, after verdict of the jury upon the trial.

I am authorized to state that Judge Deen agrees with this special concurrence.

EVANS, Judge, dissenting.

R. L. Doyal, Jr., and others, as owners of an apartment complex, entered into a written contract with Ben O'Callaghan Company for the installation of heating air conditioning equipment in the various apartments of the complex. A dispute arose as to delayed performance and final payment. A conference was held and a purported accord and satisfaction of the differences between the parties was proposed. The accord and satisfaction agreement provided that the owners would execute a note for $12,000 payable to O'Callaghan; an additional amount of money would be paid to O'Callaghan in cash; and O'Callaghan would waive its right to a lien on the property, which waiver would enable the owners to obtain a loan on said property. The accord and satisfaction proposal also provided that all warranties as to the work, material and equipment would be effective until October 1, 1969. The proposal as to accord and satisfaction was written by O'Callaghan and accepted by the owners.

Doyal and the other joint owners thereafter filed suit against Ben O'Callaghan Company for breach of the installation contract and certain warranties; and for negligence in design and in the installation; and for a failure to comply with the terms of the accord and satisfaction agreement.

Defendant answered and denied being indebted to plaintiff, and pleaded accord and satisfaction of all of plaintiff's claims by reason of the accord and satisfaction agreement. Defendant counterclaimed, and therein

contended that plaintiff had not paid the note for $12,000 executed as a part of the accord and satisfaction agreement, and prayed judgment for same.

Defendant moved for summary judgment, the basis of which was the accord and satisfaction agreement. After hearing, the trial court granted a partial summary judgment, and established defendant's claim on the note for $12,000, plus interest of $3,439.20, and attorney fees of $2,315.88. The judgment on summary judgment also provided that the trial would proceed on the remaining damages claimed by plaintiff for the alleged breach of warranty which occurred on or before October 1, 1969.

The note for $12,000 given as a part of the consideration of the accord and satisfaction, had not been paid at the time suit was filed, nor when the motion for summary judgment was made. Further, plaintiff's complaint alleged that the warranties, which were a part of the consideration of the accord and satisfaction, had not been complied with. Before an agreement can become an "accord and satisfaction" it must be fully executed. If anything remains to be done, the contract of accord and satisfaction is thereby made "executory" and does not fit within the definition of "accord and satisfaction." *Brunswick & Western R. Co. v. Clem,* 80 Ga. 534 (5), 539 (7 SE 84); *Long v. Scanlan,* 105 Ga. 424 (2), 427 (31 SE 436); *Petty v. Brunswick & Western R. Co.,* 109 Ga. 666, 680 (35 SE 82); *Redman v. Woods,* 42 Ga. App. 713 (157 SE 252). As stated in *Russell v. Smith,* 77 Ga. App. 70 (47 SE2d 772), at page 73, in regard to contracts in the nature of accord and satisfaction, one "can enforce either the original duty or the subsequent contract."

In the case sub judice there was a conflict between the parties as to performance of the warranties under the purported accord and satisfaction, and this was sufficient to require denial of summary judgment. The trial court should have denied summary judgment in toto, despite the establishment of the note and that plaintiff *may* have owed same, as a jury may decide that nothing was owing by plaintiff on the note at the time of the trial. *Preston & Fogarty v. Morgan,* 120 Ga. App. 878 (172 SE2d 319); *Hall v. Westmoreland,* 123 Ga. App. 809, 811 (182 SE2d 539).

I therefore dissent, as I would reverse the judgment of the lower court.